## UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

| | |
|---|---|
| LATOSHA R. DUKES,<br>    Plaintiff | Case No. 1:11-cv-002 |
| | Weber, J. |
| vs | Litkovitz, M.J. |
| | |
| CONWAY DEPT. STORE, et al.,<br>    Defendants | **REPORT AND RECOMMENDATION** |

      Plaintiff, a resident of Cincinnati, Ohio, brings this action against Conway Department Store, a New York company, Daniel Uebbing, and Cindy Clemens alleging discrimination in employment under 42 U.S.C. § 2000e-5(f)(1). By separate Order issued this date, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. This matter is before the Court for a sua sponte review of plaintiff's complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

      In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see* 28 U.S.C. §§ 1915(e)(2)(B)(i). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S.

319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton v. Hernandez,* 504 U.S. 25, 32 (1992); *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, __ F.3d __, 2010 WL 5288892, at *2 (6th Cir. Dec. 28, 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress has also authorized the sua sponte dismissal of complaints which fail to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915 (e)(2)(B)(ii). Plaintiff's complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). *See also Hill v. Lappin*, __ F.3d __, 2010 WL 5288892, at *2 (6th Cir. Dec. 28, 2010) ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). While a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S.Ct. at 1949 (citing

*Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557.

   The "statement of claim" portion of plaintiff's complaint states in full:

> I was late for work for daughter doctor appt. Ask Cindy for my daughter's note. She wouldn't give it back. Also, I was working for 3 months without my raised (sic) I was supposed to get. Also being used to cover baby department. Was told I was going to be place there was never paid for lead but was working the department for several months.

(Complaint at 2). Plaintiff's complaint does not set forth any request for relief. (Complaint at 3). Plaintiff's "civil cover sheet" lists causes of action for "disabilities, race, sex."

   In this case, plaintiff's complaint must be dismissed for failure to state a claim upon which relief may be granted.

   Plaintiff brings this complaint under 42 U.S.C. § 2000e-5(f)(1) alleging a claim of employment discrimination. (Complaint at 1). Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000 *et seq.*, makes it unlawful for an employer "to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). Plaintiff's complaint contains no factual allegations whatsoever of unlawful employment practices based upon her race, color, religion, sex, or national origin.

   The Americans With Disabilities Act (ADA) likewise prohibits discrimination in employment. To the extent plaintiff may be bringing a claim under the ADA, plaintiff has not

alleged that she is an individual with a disability or that she was discriminated against on the basis of her disability. *See* 42 U.S.C. § 12112(a).[1] In the absence of any facts showing plaintiff was discriminated against on the basis of her sex, race, or disability, her complaint fails to state a claim upon which relief may be granted under Title VII and the ADA and should be dismissed.

### IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff's complaint be dismissed for failure to state a claim upon which relief may be granted.

2. The Court certify pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny plaintiff leave to appeal *in forma pauperis*. Plaintiff remains free to apply to proceed *in forma pauperis* in the Court of Appeals. *See Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999), overruling in part *Floyd v. United States Postal Serv.,* 105 F.3d 274, 277 (6th Cir. 1997).

Date: 1/11/2011

s/Karen L. Litkovitz
Karen L. Litkovitz, Magistrate Judge
United States District Court

---

[1] Plaintiff has attached a copy of a United States Equal Employment Opportunity Commission (EEOC) notice of right to sue, but this document merely indicates that the "EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge" and does not shed light on any of plaintiff's alleged claims.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

LATOSHA R. DUKES,
    Plaintiff

vs

CONWAY DEPT. STORE, et al.,
    Defendants

Case No. 1:11-cv-002

Weber, J.
Litkovitz, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).